### G. A. AMOS v. THE HUMBOLDT LOAN ASSOCIATION.

DISMISSAL OF ACTION; *Answer, Amounting to Counter-claim.* An action to foreclose a mortgage may be dismissed, without prejudice to a future action, before the case is called for trial, notwithstanding the defendant has filed an answer amounting to a counter-claim, but such defendant has the right of proceeding to the trial of his claim, regardless of the dismissal.

### *Error from Allen District Court.*

AT the July Term, 1875, of the district court, *The Humboldt Loan Association,* with leave of court, dismissed its action against *Amos,* without prejudice to a future action, although the defendant had then on file in said action, his answer amounting to a counter-claim, and objected to the ruling of the court aforesaid. The defendant brings the case here for review.

*L. W. Keplinger,* and *G. A. Amos,* for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J.: On February 24th, 1875, the Humboldt Loan Association commenced its action against Geo. A. Amos and others, to foreclose a certain mortgage executed to it by said Amos. On March 26th, 1875, said Amos filed his answer, amounting to a counter-claim. Afterward, on July 9th, 1877, before the case was called for trial, the court granted the motion of the association to dismiss its action without prejudice to a future action, against the objection of Amos. This ruling of the court is assigned as error, and counsel of the plaintiff in error insist that there was an abuse of discretion in allowing the motion. We think otherwise.

Section 397 of the code provides that "an action may be dismissed without prejudice to a future action by the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court." And section 398 further provides that "in any case where a set-off or counter-

claim has been presented, the defendant shall have the right of proceeding to the trial of his claim, although the plaintiff may have dismissed his action or failed to appear." See also, *McVey v. Burns*, 14 Kas. 292. Counsel refer to *Conner v. Drake*, 1 Ohio St. 167, and *Wiswell v. First Congregational Church*, 14 Ohio St. 31. In the former case it was agreed that the damages should be assessed by three arbitrators, and the plaintiff made no application for dismissal until the award was returned. This decision is not applicable. In the latter case the court refused the plaintiff his motion, as he desired not only to dismiss his petition but to have the whole case disposed of. In the case at bar the action of the association was dismissed, but the whole case was not disposed of. The plaintiff in error had the right to proceed to a trial of his claim, notwithstanding the dismissal.

As no motion was made for any judgment upon the pleadings, nor was the attention of the court called to the absence of a reply, we cannot now consider the failure to reply as material in deciding the case.

The judgment of the district court will be affirmed.

All the Justices concurring.