## AETNA LIFE INS. CO. v. TOWNSHIP OF LAKIN.

(Circuit Court of Appeals, Eighth Circuit.   January 29, 1894.)

No. 229.

PRACTICE—NONSUIT.

Plaintiff has a right, in Kansas, by the express terms of the statute, (Code Civ. Proc. Kan. § 397,) to dismiss his action without prejudice at any time before its final submission to the jury, or to the court where the trial is by the court.

In Error to the Circuit Court of the United States for the District of Kansas.

This is an action on certain coupons detached from municipal bonds, by the Aetna Life Insurance Company against the township of Lakin, in the county of Kearney, state of Kansas.   The case was dismissed, on motion, and final judgment rendered for defendant. This ruling of the circuit court is now assigned for error.

W. H. Rossington, Charles Blood Smith, and Everett J. Dallas, for plaintiff in error.

F. P. Lindsay, orally, for defendant in error.

Before CALDWELL, Circuit Judge, and THAYER, District Judge.

CALDWELL, Circuit Judge.   The record shows that, when this cause was called for trial in the court below, "the plaintiff announced that it was not ready for trial, and could not be ready for trial herein during the present term of this court, and asked permission to dismiss this action, to which the defendant objected for the reason that under the pleadings herein the defendant was entitled to judgment in its favor, which objection of the defendant was by the court sustained."   The case was thereupon dismissed, and a final judgment rendered in favor of the defendant.   This ruling of the court was duly excepted to, and is here assigned for error.

The suit is founded on interest coupons cut from negotiable bonds which the plaintiff alleges were issued by the township of Lakin, in the county of Kearney, Kan.   The answer contains six paragraphs. The plaintiff replied to the first five, and demurred to the sixth, and, upon the demurrer being overruled, filed a reply to that paragraph. The filing of this reply seems not to have been known to the court at the time the action was dismissed.   It is contended that the reply is not sufficiently specific in its denials of the averments of the answer.   It denies "each and every, all and singular, the allegations and averments therein set forth and contained."   If the defendant conceived this reply was not sufficiently specific in its denials, it should have attacked it by motion or demurrer, according as the one or the other of these modes may be proper under the practice that prevails in that state.   It could not be treated as a nullity.

Upon the state of the pleadings, the plaintiff had an undoubted right, under the Code of Kansas, to dismiss its action when it was called for trial.   That Code provides that "an action may be dismissed without prejudice to a future action:   First, by the plain-

tiff before the final submission of the case to the jury, or to the court, where the trial is by the court. * * *" Code Civ. Proc. § 397. The supreme court of that state have uniformly held that under this section the plaintiff may dismiss his action at any time before its final submission to the jury or court. McVey v. Burns, 14 Kan. 291; Schafer v. Weaver, 20 Kan. 294; Amos v. Association, 21 Kan. 474. It is unnecessary to inquire what the rule is in the absence of a statute, though we may remark that no case has been cited—and we do not think one can be found—which questions the right of the plaintiff to dismiss his action at the stage at which the plaintiff in error asked leave to dismiss its suit.

The judgment of the circuit court is reversed, and the cause is remanded for further proceedings therein according to law.