DAVISON v. GIBSON.

(Circuit Court of Appeals, Eighth Circuit.   October 19, 1896.)

No. 605.

PRACTICE—REPLEVIN—DISMISSAL BY PLAINTIFF.

Under the Arkansas Code of Practice, in force in Indian Territory (sections 5102, 5103), plaintiff in an action to recover specific personal property, which has been retained by defendant under bond, may dismiss the case at any time before final submission to the jury or to the court.

In Error to the United States Court for the Indian Territory.

S. B. Dawes (S. S. Fears was with him on the brief), for plaintiff in error.

William T. Hutchings (Nathan A. Gibson was with him on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This is the second appearance of this case in this court. When it was first here, the judgment of the lower court was reversed, and the cause remanded, with directions to grant a new trial. Davison v. Gibson, 12 U. S. App. 362, 5 C. C. A. 543, and 56 Fed. 443. When the cause was called for a new trial in the lower court, the plaintiff was not ready for trial, and, the court refusing to grant a continuance, the plaintiff, before the jury was called or the trial begun, moved for leave to dismiss his action. This motion the court denied, and required the plaintiff to proceed with the trial of the case. The Arkansas Code of Practice, which is in force in the Indian Territory, provides:

"An action may be dismissed without prejudice to a future action: First. By the plaintiff before the final submission of the case to the jury, or to the court, where the trial is by the court. * * *

"The plaintiff may dismiss any action in vacation, in the office of the clerk, on the payment of all costs that may have accrued therein, except an action to recover the possession of specific personal property, when the property has been delivered to the plaintiff."

Mansf. Dig. Ark. p. 994, c. 119, §§ 5102, 5103.

The record in the case shows that the defendant gave a bond to retain and did retain the possession of the property sought to be replevied. The plaintiff, therefore, had an undoubted right to dismiss his action at any time "before the final submission of the case to the jury or to the court." Aetna Life Ins. Co. v. Lakin Tp., 19 U. S. App. 440, 8 C. C. A. 437, and 59 Fed. 989.

Other errors are assigned, based on remarks and rulings of the court which are not likely to occur on another trial, and we therefore omit any notice of them. The judgment of the United States court in the Indian Territory is reversed, and the cause remanded, with directions to grant a new trial.