THE NEW HAMPSHIRE BANKING COMPANY v. EVA BALL et al.

No. 9589.

1. DISMISSAL WITHOUT PREJUDICE—*plaintiff's right of, absolute.* The right of the plaintiff to dismiss his action without prejudice, at any time before the final submission of it, is absolute, and the denial of his application to so dismiss is prejudicial error.

2. REVIVOR OF ACTION—*if time for has expired, and consent to is refused, court should dismiss without prejudice.* Where a court finds that a party to an action has been dead for a period so long that the action cannot be revived without the consent of parties, which is not given, the action abates and should be dismissed at the costs of plaintiff. In such a case a judgment barring and canceling the cause of action is erroneous.

*Error from Kingman District Court.*
*Hon. W. O. Bashore, Judge.*

REVERSED AND REMANDED.        OPINION FILED MARCH 6, 1897.

*Adams & Adams* and *Hay & Hay*, for plaintiff in error.

*C. W. Fairchild* and *W. C. Tetirick*, for defendants in error.

JOHNSTON, J.   An action was brought by the New Hampshire Banking Company against Hiram L. Ball and Eva Ball to recover upon a promissory note given by them for $2,000, and to foreclose a mortgage which they had given as security for the payment of the note.   Other persons who claimed an interest in the real estate were made parties.   Within four months thereafter, Hiram L. Ball, who held the legal title to the mortgaged land, died and left surviving him his wife and three sons.   Within a year from his death a motion was made to revive the action against the administrator of the estate, and the heirs, and the motion was allowed.   More than a year after the death of Hiram L. Ball, the heirs and administrator challenged the validity of the revivor, upon the ground that the attorney who appeared to have consented to a revivor for them was without authority and did not in fact consent to a revivor.   Before the question was determined or a trial upon the merits had been reached, the plaintiff offered and undertook to dismiss the action without prejudice.   The court, however, denied the application to dismiss without prejudice, and thereupon, on application of the defendants to dismiss with prejudice, testimony was heard, and a finding made that there had been no legal revivor of the action within one year after it could have been first made and that the action died.   The conclusion of the court was, not only that the action had abated, but that the cause of action upon the note and mortgage was absolutely barred, and that the plaintiff had lost all right to enforce payment of the note.   The judgment was that the action should be dismissed with prejudice to a future action on the note and mortgage.

The plaintiff is entitled to control the disposition of

his action, where the application is seasonably made and until the final submission of the cause. It was a common-law right, and, in this State, the statute expressly provides that the plaintiff may dismiss with-

**1. Plaintiff's right of dismissal.** out prejudice to a future action, before the final submission of the case to the jury, or to the court, where the trial is by the court. § 397, Civil Code. Until that time, the right is absolute, to be exercised by the plaintiff at its option, and without the consent of the defendants. The court committed error in denying the application and in proceeding to the trial of the cause. *Amos v. Loan Ass'n*, 21 Kan. 474; *Ashmead v. Ashmead*, 23 id. 263. The court was not justified in dismissing the case with prejudice; and, even if the facts are as found by the court, that there was no revivor within one year after revivor could be first made, it would not warrant the court in entering an order and judg-

**2. Time for revivor expired—court should dismiss without prejudice.** ment barring and canceling the plaintiff's note and mortgage. If by lapse of time the action cannot be revived, it abates, and any rights that have been acquired by virtue of the pendency of the suit will be lost to the plaintiff. It is not to be treated, however, as a statute of limitations against the cause of action, and the extent to which the court is authorized is indicated in section 435 of the Code, namely, to "order the action to be dismissed at the costs of the plaintiff."

The judgment of the District Court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.