THE NEW HAMPSHIRE BANKING COMPANY v. WILLIAM BALL *et al.*

**No. 10108.**

ORDER REFUSING DISMISSAL WITHOUT PREJUDICE—*when asked by plaintiff, is without jurisdiction and cannot be pleaded in bar to subsequent action.*

Error from Kingman District Court. W. O. Bashore, Judge. Opinion filed January 8, 1898. *Reversed.*

*Adams & Adams* and *George L. Hay*, for plaintiff in error.

*C. W. Fairchild*, for defendants in error.

PER CURIAM. The plaintiff in error sued to foreclose a mortgage on real estate. One of the defendants died, and an order of revivor was procured. The defendants moved to dismiss, with prejudice to a future action, because the order of revivor was irregularly obtained and because the time for re-institution

of the suit was barred by statute.  Pending the decision of this motion, the plaintiff offered to dismiss the action without prejudice to the institution of a new one, which the court refused to allow it to do, and evidence was then taken on defendant's motion to dismiss with prejudice.  This motion was sustained.  Error was prosecuted to this court from these proceedings and the judgment reversed.  *Banking Co. v. Ball*, 57 Kan. 812, 48 Pac. 137.  While the case was pending in this court, the plaintiff brought another action for the foreclosure of its mortgage. To this action the proceedings and judgment had on the hearing of the first action were interposed in bar.  The plea of *res adjudicata* was sustained ; from which decision the plaintiff again prosecutes error to this court.

As held on the former hearing, the right of the plaintiff to dismiss its action was absolute.  The question now presented is whether the order refusing the dismissal was non-jurisdictional.  We think it was.  When the motion to dismiss was made and called to the attention of the court, its jurisdiction over the parties and the subject-matter of the action was at an end for all purposes except to render and enter a formal order of dismissal.  There are two cases (*Oberlander v. Confrey*, 38 Kan. 462, 17 Pac. 88 ; *Allen v. Dodson*, 39 id. 220, 17 Pac. 667 ) which may seem to militate against these views, but the facts of both of them are quite dissimilar.  In neither of these cases was the motion to dismiss called to the attention of the court, so as to invoke its action and terminate its jurisdiction.  In one of them, the motion to dismiss was merely filed among the papers. In the other, the plaintiff noted his dismissal on the appearance docket.  The theory of these cases is that, while the plaintiff may as a matter of right dismiss

his action, he must do so in accordance with regular forms of procedure; failing to observe which, the court retains jurisdiction. The court, however, cannot retain jurisdiction if the plaintiff dismisses in compliance with prescribed forms, and gives it an opportunity to note the withdrawal of the party from its jurisdiction. The statute gives to the one who institutes the action an absolute right to withdraw from the jurisdiction he had invoked, if he desires to do so and will signify his desire in the proper way. The judgment of the court below is, therefore, reversed for proceedings in accordance with this opinion.