ESTHER OSBORNE *et al.* v. W. E. DAVIES AND JOHN
C. MITCHELL, *Executors, et al.*

**No. 11183.**

PRACTICE, DISTRICT COURT—*Jury in Equitable Action—Right
to Dismiss.* In an action to set aside a will, the court submitted
to the jury certain particular questions of fact which covered part
of the issues in the case. After the jury had answered the ques-
tions plaintiff asked leave to dismiss the action without prejudice,
which leave was denied. Thereupon the court proceeded, after
the jury was discharged, to hear testimony on another issue not
passed upon by the jury. *Held*, that the court erred in its re-
fusal to permit a dismissal of the action.

Error from Clay district court; R. B. SPILMAN,
judge. Opinion filed July 8, 1899. Reversed.

*Dawes, Harkness & Wulfekuhler,* for plaintiffs in
error.

*Coleman & Williams,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: This action was brought for the pur-
pose of setting aside the will of Palmer Osborne for
lack of mental capacity in the testator, and for the
further purpose of having paragraph 9 of the same
declared void for uncertainty. The court submitted
to the jury three particular questions of fact respect-
ing the mental condition of the testator at the time
the will was executed. After the jury were instructed
and arguments of counsel made, they returned an-
wers to the questions propounded and were discharged
from further consideration of the case. Thereupon
plaintiffs below filed a written motion asking leave to
dismiss the action without prejudice, stating that the
action was equitable in its nature, triable by the
court, and further that the issues were not finally

submitted. The motion for leave to dismiss was denied. The case proceeded for hearing before the court upon the issues which had not theretofore been considered by the jury, the plaintiffs below refusing further to participate in said trial and objecting to the same.

We think the plaintiffs in error were entitled, as a matter of right, to dismiss their action at the time they applied to the court for leave to do so. In the case of *Hudson v. Hughan*, 56 Kan. 152, 161, 42 Pac. 704, which was an action to set aside a will, the court said:

" In cases of this character the parties are not, as a matter of right, entitled to a jury, but the issues may be submitted to one for the information of the court, and to relieve it from the burden of determining controverted questions of fact. The court may accept findings in whole or in part, or if not satisfied with them may ignore them and proceed to make findings of its own upon evidence submitted." See also *Franks, Ex'x, v. Jones*, 39 Kan. 236, 17 Pac. 663; *Garard v. Garard*, 135 Ind. 15, 34 N. E. 442.

The jury acted in a purely advisory capacity. The statute provides that the plaintiff may dismiss his action without prejudice to a future action before the final submission of the case to the jury or to the court where the trial is by the court. (Gen. Stat. 1897, ch. 95, § 393, Gen. Stat. 1889, ¶ 4493.) The trial was before the court. At the time plaintiffs in error attempted to dismiss, a part of the issues had not been submitted to nor decided by the court. In the case at bar the submission to the court and jury were not concurrent acts, and a cause is not finally submitted until the parties have introduced all the evidence upon the issues made by the pleadings.

The answers of the defendants did not amount to counter-claims upon which they might obtain affirma-

tive relief. The answers ask no more than the law would give the defendants if the will were sustained. They do not ask that anything be taken from the plaintiffs. The legal effect of the answers is a demand that the will be sustained and a construction given to it in accordance with the intention of the testator. (*Corlett v. Insurance Co.*, ante, p. 134, 55 Pac. 844.)

The judgment is reversed, with directions to dismiss the action.