A. B. ROBERTS v. ELIZABETH TOMLINSON *et al.*

**No. 516.*   (57 Pac. 1060.)**

1. PROMISSORY NOTES—*Fraud and Misrepresentation—Innocent Purchaser.* Where notes are procured from the payors without consideration, through fraud and misrepresentation by the payee, and these facts were known to the holder of the notes prior to the time he came into possession thereof, he is not a *bona fide* purchaser for value. ·

2. ——— *Demurrer—Evidence.* Where there is testimony tending to prove every material allegation· of the defense that the notes in question were without consideration, and procured through fraud and misrepresentation by the payee, all of which was known to the holder of the notes, a demurrer to the testimony is properly overruled.

3. PRACTICE, DISTRICT COURT—*Dismissal of Action.* While the plaintiff has a right to dismiss without prejudice—to withdraw from the jurisdiction he has invoked—the defendant, brought into court by summons, has no right to demand that the action be dismissed as to any proper party plaintiff.

Error from Atchison district court; W. D. WEBB, judge.   Opinion filed July 18, 1899.   Affirmed.

STATEMENT.

THIS action was instituted in the district court of Atchison county by Elizabeth Tomlinson, and Elizabeth Tomlinson as administratrix of the estate of B. F. Tomlinson, deceased, Lewis W. Nelson, and Mattie J. Nelson, against J. F. Kindrick, Harriet A. Kindrick, Edgar F. Williams, Mary E. Williams, and A. B. Roberts, for the cancelation of and perpetually to enjoin the defendants from transferring, negotiating, selling, disposing of or assigning two certain promis· sory notes alleged to have been procured from plaintiffs through fraud and misrepresentation.   Kindrick and

---

*Petition for order to certify denied by supreme court September 16, 1899.—REP.

wife were not served and made no appearance in the
trial court.   Answers were filed by other defendants.
The plaintiffs filed replies.   On the 31st day of Jan-
uary, 1896, a hearing was had upon the application
for injunction.   For the purposes of the trial, the par-
ties agreed that the notes were due on April 3, 1896.
The court rendered judgment that A. B. Roberts be
enjoined until the further order of the court from
negotiating or in any manner disposing of the notes,
and that they be deposited with the clerk of the court
for safe-keeping until the final disposition of the case.
It was further ordered that defendant Roberts have
leave, on or before April 8, 1896, to file a cross-peti-
tion based upon the notes, his claim of ownership, and
rights thereunder; that other defendants might file
answers, and that plaintiffs might file replies; and
that the case stand for trial at the April, 1896, term
of the court.   Roberts objected, and excepted to the
injunction order.   The plaintiffs gave the injunction
bond required by the order of the court.

Thereafter Roberts filed his answer and cross-
petition, (1) adopting his former answer for his first
defense; (2) setting up the notes, and alleging that
for value, in the usual course of business and before
maturity, the same were indorsed, sold and delivered
to him, and that he is a *bona fide* owner and holder for
value; alleging non-payment of the notes, and claim-
ing judgment for the amount, with interest; and alleg-
ing the death of Tomlinson, and the appointment of
Elizabeth Tomlinson as administratrix.   The plaintiff
filed a reply : (1) A general denial; (2) admitting the
execution and delivery of the notes; (3) denying that
the notes were indorsed and sold to Roberts for value
before maturity, or that Roberts was a *bona fide* owner
and holder of the notes; and (4) averring that the

notes were obtained through fraud and misrepresenta-
tions, without consideration, and that Roberts was a
party to the frauds and misrepresentations, and that
he obtained the notes from Kindrick without consid-
eration, with notice and knowledge of the fraud per-
petrated upon plaintiffs.

A trial was had, and the jury made special findings
of fact and returned a general verdict in favor of the
plaintiff.   Judgment was rendered upon the findings
and verdict for plaintiffs and against Roberts for costs.
Roberts filed a motion for a new trial, which was
overruled.

*Henry Elliston*, for plaintiff in error.

*W. D. Gilbert*, and *John C. Tomlinson*, for defend-
ants in error Elizabeth Tomlinson, and Elizabeth
Tomlinson as administratrix of the estate of B. F.
Tomlinson, deceased, Lewis W. Nelson, and Mattie J.
Nelson, his wife.

The opinion of the court was delivered by

McELROY, J.: The defendant A. B. Roberts, as
plaintiff in error, presents his petition in error and
case-made, alleging error in the proceedings of the
trial court, *first*, in overruling his objection to the in-
troduction of .evidence.   This contention is based upon
the assumption that the plaintiffs' reply states no de-
fense as against the plaintiff in error's answer and
cross-petition, and therefore the objection to the intro-
duction of evidence should have been sustained.   The
reply to the answer and cross-petition states facts suf-
ficient to constitute a defense.   The court properly
overruled the objection to the introduction of evidence.
If the notes were procured without consideration,
through fraud and misrepresentations by Kindrick,

and these facts were known to Roberts prior to the time he came into possession of the notes, he is not a *bona fide* purchaser for value without notice.

*Second*, that the court erred in admission of evidence. This contention is directed to the testimony of Elizabeth Tomlinson. She was examined as a witness in her own behalf; she testified to certain material matters without objection; she was cross-examined by Roberts; some portions of her testimony, no doubt, should have been rejected upon proper objection; no such objection, however, was interposed. Therefore the competency of her testimony was not challenged. Error cannot ordinarily be predicated upon the admission of incompetent testimony unless the matter was brought to the attention of the trial court.

*Third*, in overruling his demurrer to the plaintiff's evidence. The plaintiff in error, in his argument in support of this contention, assumes a false theory. He assumes that the issue was simply whether plaintiffs could, by rescinding their contract of purchase with Kindrick, defeat Roberts's right of recovery upon the notes which were executed as a part of the consideration. This was not the issue; the issue as joined was whether or not these notes were without consideration, procured by Kindrick through fraud and misrepresentations, and whether Roberts assisted in so procuring the notes, or had knowledge that they were so procured without consideration and through fraud and misrepresentations, prior to the time he came into possession of the notes. It was alleged that Roberts was a party to the fraud and misrepresentations; that he was not an innocent holder; that he had notice, before he became the holder, of all the frauds practiced by Kindrick and his agents. The record supports the contention that these notes were procured

Roberts v. Tomlinson.

without consideration, through fraud and misrepre-
sentations of Kindrick and his agents.　There is also
competent testimony to support the contention that
Roberts knew all about the frauds practiced prior to
the purchase of the notes.　There was testimony suf-
ficient to take the case to the jury.　The demurrer was
properly overruled.

*Fourth*, in permitting plaintiff to amend his prayer
for judgment during the trial.　This amendment con-
sisted in the striking out of the prayer for judgment
everything except the prayer for judgment for costs.
The amendment of pleadings is so largely in the dis-
cretion of the trial court that comment is unnecessary.
The court may, before or after judgment, in further-
ance of justice, amend any pleading by striking out
or by inserting other allegations material to the case,
or so as to conform the pleadings to the facts proved,
when such amendment does not change substantially
the claim or defense. (Gen. Stat. 1897, ch. 95, § 139 ;
Gen. Stat. 1899, § 4389.)　It is doubtful if this
amendment was necessary or essential.　It is appar-
ent, however, that such amendment could not in any
manner have prejudicially affected the rights of the
plaintiff in error.

*Fifth*, in overruling Roberts's motion to dismiss as
against the administratrix.　It is doubtful whether or
not the record shows an application to dismiss any-
thing on the part of Roberts.　We are not referred by
counsel to that portion of the record upon which he
relies in support of this contention.　However, on
page 80 of the record we find the following, upon
which, we suppose, this contention is based.　During
the examination of Mr. Roberts the record recites :
" The defendant Roberts asks leave to dismiss as to
Elizabeth Tomlinson, administratrix, which is ob-

jected to by plaintiff Tomlinson, etc., as incompetent, irrelevant, and immaterial. Objection sustained, defendant Roberts excepting." It is not clear from this notation that Roberts called the attention of the court to the fact that he desired to dismiss his cross-petition as to Elizabeth Tomlinson, administratrix. In support of this contention, our attention is called to *Banking Co. v. Ball*, 57 Kan. 812, 48 Pac. 137; *Banking Co. v. Ball*, 59 id. 55, 51 Pac. 899; *Reville v. Dubach*, 60 Kan. 572, 57 Pac. 522, and section 393 of the code (Gen. Stat. 1897, ch. 95; Gen. Stat. 1899, § 4661).

In the case of *Banking Co. v. Ball*, 57 Kan. 812, the court said:

" The plaintiff is entitled to control the disposition of his action, where the application is seasonably made, and until the final submission of the cause. It was a common-law right, and, in this state, the statute expressly provides that the plaintiff may dismiss without prejudice to a future action, before the final submission of the case to the jury, or to the court, where the trial is by the court. (Civil Code, § 397.)"

In *Banking Co. v. Ball*, 59 Kan. 55, the court said:

" The theory of these cases is that, while the plaintiff may as a matter of right dismiss his action, he must do so in accordance with regular forms of procedure; failing to observe which the court retains jurisdiction. The court, however, cannot retain jurisdiction if the plaintiff dismisses in compliance with prescribed forms, and gives it an opportunity to note the withdrawal of the party from its jurisdiction. The statute gives to the one who institutes the action an absolute right to withdraw from the jurisdiction he has invoked, if he desires to do so and will signify his desire in the proper way."

The defendant Roberts asked leave to dismiss as to Elizabeth Tomlinson, administratrix. What does he

Roberts v. Tomlinson.

want to dismiss — the action in his cross-petition? Roberts is not the party who invoked the jurisdiction of the court; he was brought in by summons; he has no right to dismiss as to anybody, and especially he has no right to dismiss as to the plaintiff or either of the plaintiffs, nor to ask that either of the plaintiffs withdraw from the action.   The authorities cited do not support the contention of the plaintiff in error. By what authority could he get rid of the administratrix as a party plaintiff in this action?   The plaintiff in error was at this time seeking to introduce evidence concerning a conversation between himself and Tomlinson, deceased.   He conceived the idea that if he could dismiss his action as to the administratrix and get her out of the case so she would no longer be a party, his testimony would become competent.   It was upon this theory he requested the court to dismiss as to the administratrix.   The dismissing of his cause of action against the administratrix would leave her a party to the suit; she was a plaintiff, and the testimony would therefore be incompetent just the same. What advantage would he gain?   It is the plaintiff, the party who invokes the jurisdiction of the court, who has a right to dismiss without prejudice — to withdraw from the jurisdiction he has invoked.   This is a statutory right.   Since when has the defendant the right to say who of the proper plaintiffs shall withdraw from the jurisdiction of the court?   It is not apparent that the defendant requested that he be permitted to withdraw the allegations of his answer and cross-petition; this he had a right to do upon proper application.   There can be no reversible error predicated upon this proposition.

*Sixth*, in excluding evidence.   This contention is based upon the refusal of the court to permit Roberts

to testify in relation to a conversation between himself and Tomlinson, deceased. This testimony was incompetent under section 333 of the code ( Gen. Stat. 1897, ch. 95 ; Gen. Stat. 1899, § 4585), and was properly rejected.

*Seventh,* in refusing and giving instructions. The plaintiff in error fails to point out any particular in which the court erred in refusing to instruct the jury ; nor does he point out any instruction, nor any portion of any instruction, in which he claims that the court erred in instructing the jury. There is no apparent error in the instructions refused, nor in the instructions given, and as none is pointed out this contention must be disregarded. Error is not presumed ; it must be shown.

It is further contended that the court erred in not setting aside certain of the special findings. There is competent evidence to support each of the special findings and the general verdict. This court will not weigh evidence for the purpose of ascertaining whether the findings are supported by a preponderance of the evidence, but will make such examination only so as to ascertain whether the findings are supported by legal, competent evidence.

There was no substantial error committed at the trial. The motion for a new trial was properly overruled.

The judgment is affirmed.