### C. Lane v. Charles F. Beitz and Mary L. Beitz.

1. EQUITY—*Acquiring Jurisdiction for One Purpose Retains It for All.*—When a court of equity acquires jurisdiction of a suit for the purpose of determining whether or not a conveyance is, in fact, a mortgage, it will retain its jurisdiction for the purpose of adjusting all differences between the parties growing out of the transaction.

**Bill for Relief.**—Appeal from the Circuit Court of Moultrie County; the Hon. WM. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded, with directions. Opinion filed December 10, 1901.

R. M. PEADRO, attorney for appellant.

E. J. MILLER, attorney for appellees.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This is a bill in chancery filed by appellees for the purpose of having a deed made to appellant, conveying certain town lots in Sullivan, Ill., declared a mortgage, for an accounting, and for leave to redeem. The allegations of the bill were controverted by answer, proofs were taken, and a decree was rendered, finding the conveyance in question to be a mortgage. The decree further found that the title to the property had become vested in a grantee of appellant, who was an innocent purchaser for value, and that appellant was indebted to appellees, by reason of the transaction, in the sum of $321.84. The court rendered judgment against appellant for that sum, and awarded execution therefor in favor of appellees.

At the time of taking the deed, appellant executed a contract back to appellee Charles F. Beitz, in which was

embodied a lease of the property for one year, and an agree-
ment to reconvey at any time within one year, on compliance
with certain terms therein mentioned, and the payment of
$730, with interest at seven per cent.   Beitz was unable to
pay the $730 within the year, and afterward appellant,
claiming to be the owner of the property free from any
title or claim of Beitz, sold and conveyed it, receiving there-
for $500 in cash and thirty acres of land.   Notwithstand-
ing the contract as to leasing, reconveying, etc., all the facts
and circumstances lead us to the conclusion that the transac-
tion was in the nature of a mortgage, and that appellant
could have been compelled to reconvey, had the legal title
been in him at the time of the hearing.   Coates v. Wood-
worth, 13 Ill. 654; Ennor v. Thompson, 46 Ill. 214; Keith-
ley v. Wood, 151 Ill. 566.   The last cited case is much like
the one at bar.

As the court could not decree a reconveyance of the
property for the reason that appellant's grantee was an
innocent purchaser, he found, on recommendation of the
master in chancery, that it was worth $1,396.43, that appel-
lant was entitled to credits to amount of $1,074.59, and
rendered judgment against him for $321.84.   To the con-
tention that, the proceedings being in a court of chancery
it was error to render a common law judgment, it is only
necessary to say that the court acquired jurisdiction for
the purpose of determining whether the conveyance of
appellees to appellant was a mortgage, and having so
acquired jurisdiction, the court could retain it for the pur-
pose of adjusting all differences between the parties grow-
ing out of the transaction.

Cross-errors have been assigned, and under them it is
claimed that the amount of the judgment is inadequate.
We are not disposed to interfere with the court's findings,
except as to one item.   In the credits allowed to appellant
was one of $50, allowed him as commission for selling the
lots.   Appellant did not sell the property as an agent, but
as his own property.   He assumed to hold the title and to
have the right to convey it free from any claim of appellees.

He was, therefore, not entitled to an agent's commission. The decree will be affirmed in every respect except as to this, and the cause will be remanded, with directions to enter judgment against appellant for $371.84, instead of for $321.84.

Reversed and remanded, with directions.