Spencer et al vs Davidson.

Opinion delivered October 19, 1904.

1. *Replevin—Forthcoming Bond—Liability of Sureties—For Costs.*

The sureties upon a forthcoming bond, in replevin, given under and in the form prescribed by Sec. 5581 Mansf. Dig. (3552 Ind. Ter. Stat.) are not liable thereon until there is a final judgment, adverse to the defendant; and there was no liability when the suit was dismissed by the plaintiff after a judgment for defendant was reversed on appeal and remanded for further trial.

Appeal from the United States Court for the Northern District.

W. M. Springer, Judge.

Action by J. P. Davidson against E. L. Spencer and others. Judgment for plaintiff. Defendants appeal. Reversed.

*Hutchings & West,* for appellants.

*S. B. Dawes* and *S. S. Fears,* for appellee.

Raymond, C. J. This is an action brought by J. P. Davidson, the appellee, against E. L. Spencer, A. W. Robb, John Newberry, and P. J. Byrne, as executors of the last will and testament of J. A. Patterson, deceased; the said Spencer, Robb, and Patterson having become sureties upon the forthcoming bond of Edward Gibson, the defendant in a replevin action at the suit of J. P. Davidson, administrator. The suit was begun in January, 1891. Gibson, the defendant, gave bond and re-

tained the property; the appellants in this suit being sureties on that bond. The case was tried in the United States Court at Muskogee in 1894, which resulted in a judgment for defendant Gibson. Appellee, Davidson, appealed from this judgment to the United States Court of Appeals for the Eighth Circuit; and there, on October 19, 1896, this judgment was reversed, and the cause remanded, with directions to the court below to grant a new trial. Davison vs Gibson, 76 Fed. 717, 22 C. C. A. 511. Upon filing the mandate of the United States Circuit Court of Appeals for the Eighth Circuit, the trial court, before the case was called for trial upon its merits, entered judgment against defendant Gibson in that suit for the costs occasioned by said appeal. The case was then called for trial upon its merits, and thereupon the plaintiff (appellee here) dismissed his suit. Execution was then issued against defendant Gibson in the replevin suit upon the judgment for costs entered in the trial court at the same term that the replevin action was dismissed, and was returned nulla bona, and this suit was then brought against the sureties upon the forthcoming bond.

The statute in force here, and under which these sureties signed the forthcoming bond in the replevin suit, is as follows (section 3552, Ind. Ter. St. 1899): "Within two days after the taking of the property by the United States marshal, the defendant, or anyone for him, may, in a case in which the property was not taken under an execution, cause a bond to be executed to the plaintiff, in the presence of the marshal, by one or more sufficient sureties, in double the value of the property, to the effect that the defendant shall perform the judgment of the court in the action; whereupon the marshal shall restore the property to the defendant." The forthcoming bond executed by the appellants, with the defendant Edward Gibson, in the replevin suit, reads as follows: "We undertake and are bound

to the plaintiff, J. P. Davidson, in the sum of $1,039.61, that the defendant, Edward Gibson, shall perform the judgment of the court in this action." The suit was brought upon this bond. The defendants demurred, and the court overruled their demurrer. The defendants declined to plead further, and judgment was entered against the appellants for the sum of $289.10 and costs. There was an exception, and a prayer for an appeal, which was allowed.

The question presented is, are the sureties upon the forthcoming bond liable for the costs made in the United States Circuit Court of Appeals for the Eighth Circuit, wherein the judgment of the trial court was reversed, and the cause remanded, with directions to grant a new trial; the plaintiff having dismissed his suit in replevin without trial upon the merits? It is contended by appellee that the sureties upon this bond are liable for the costs, whether the replevin action was tried upon its merits or not. The counsel upon neither side cite any case decisive of the issue. It is the opinion of the court that the sureties were not liable upon this bond after the replevin suit was dismissed by the plaintiff. It is held that the proper construction of the statute is that the sureties are not liable upon their bond until there is a final judgment in the case, after trial upon the merits, adverse to the defendant in the replevin suit. It is therefore held that the demurrer should have been sustained.

The judgment is therefore reversed, and judgment is entered here against appellee for costs.

CLAYTON, TOWNSEND, and GILL, JJ., concur.