W. H. HOLMES, *Appellant,* v. F. H. HOLT et al., *Appellees,* and ROBERT W. HOLMES et al., *Appellants.*

No. 18,393.

#### SYLLABUS BY THE COURT.

1. ABSOLUTE DEED — *A Mortgage — Jurisdiction of Court of Equity.* When a court of equity acquires jurisdiction of an action brought to determine whether certain conveyances are, in fact, mortgages, although purporting to be deeds, it will retain jurisdiction for the purpose of adjudicating all differences between the parties growing out of the transaction.

2. MORTGAGEE IN POSSESSION—*Chargeable with Rental Value of Land Less Improvements.* Where in such case the party, purporting to be the grantee, acquires peaceable possession of the premises in question, believing that he is the owner thereof, the damages to be awarded therefor in a judgment in favor of the adverse party is the ordinary rental value for the time such possession is retained, less the value of the permanent improvements made thereon by such party in possession.

3. RATES OF INTEREST. Rates of interest, not exceeding ten per cent per annum, agreed upon by the parties to a transaction will be allowed by the courts.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed November 8, 1913. Affirmed.

*W. R. Hazen,* of Topeka, for the appellants.

*Bennett R. Wheeler,* and *John F. Switzer,* both of Topeka, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought by appellant W. H. Holmes in equity to have two deeds adjudged mortgages and for an accounting. F. H. Holt answered that he was the owner of the land and asked that his title thereto be quieted. A trial was had in the district court and a judgment was entered that the deeds were, in fact, mortgages given to secure loans of money. By consent of the parties the hearing as to the accounting was continued. Thereafter the plaintiff moved to dimiss the part of the suit pertaining to an accounting. The motion was overruled, and this ruling is vigorously urged as error. It is even urged that upon the filing of such motion the court lost jurisdiction of the case. The following authorities are cited in support of the contention: *Banking Co. v. Ball,* 59 Kan. 55, 51 Pac. 899; *Osborne v. Davies,* 60 Kan. 695, 57 Pac. 941; *Pugsley v. Railway Co.,* 69 Kan. 599, 77 Pac. 579. These cases are in accordance with section 395 of the code of civil procedure. No part of the controversy between the parties in any of the cases had been finally submitted for the determination of the court.

This case is very different. The principal claim asserted by W. H. Holmes and denied by Holt was that the instruments purporting to be deeds of absolute conveyance were given by Holmes and received by Holt

only as security for the repayment of money loaned by Holt to Holmes. This issue had been tried and determined in favor of Holmes and a judgment had been formally entered that the instruments were in effect mortgages. Holt had joined issue on that question, but Holmes in his so-called second cause of action had prayed for an accounting. Also, by consent of both parties an accounting had been ordered and the case was continued for further hearing before the court.

Thereupon Holmes filed a motion "to dismiss the pending part of said suit pertaining to an accounting between plaintiff and defendant herein without prejudice to the rights of either party." At least after the order for an accounting had in fact been made the right to have such an order made did not subsist as a cause of action.

By the petition, however, it appeared that Holt had rights accruing to him in the transactions which in equity should be determined in the same action in which his deeds were declared to be mortgages. When a court of equity acquires jurisdiction of an action brought to determine whether certain conveyances are in fact mortgages, although purporting to be deeds, it will retain jurisdiction for the purpose of adjudicating all differences between the parties growing out of the transaction. (*Lane v. Beitz,* 99 Ill. App. 342; *Trammell v. Craddock,* 100 Ala. 266, 13 South. 911; 1 Cyc. 418.)

Thereafter Holt on his motion was allowed to answer, setting forth his claims to and liens upon the property, and did so in accordance with the decision of the court that his deeds to the property did not constitute a full conveyance thereof but were given to secure the payment of indebtedness. On motion of Holt, Robert W. Holmes and wife were made parties defendant. The appellants do not appear to have filed any reply to the above answer.

Thereafter the court appointed a referee to take the evidence and report to the court the law and facts of

the case. The referee heard the evidence and gave all parties a fair opportunity to be heard and made his report to the court. On consideration thereof it appeared to the court that justice required that other facts should be determined than those reported upon, and again referred the matter to the same referee and a second report was made. Numerous objections are made to the findings of fact and conclusions of law made, but we think the record shows that the investigation was conducted with great thoroughness and that the referee's conclusions of law, approved by the court, are correct.

It is especially contended by appellants that Holt wrongfully took possession of one of the tracts of land, upon which alfalfa was growing, and that he derived therefrom crops of alfalfa of much greater value than the ordinary rental value of the land for the time, and that he should be charged with the value of what he actually received therefrom and should not be credited for improvements made on the land. The evidence, however, justified the finding which was made, in substance, that both the appellants and Holt during that time treated the land as the property of Holt and contracted with reference thereto as such, and that Holt believed that it was his property. Under such circumstances it was correctly reported by the referee and decided by the court that the ordinary rental value was the true measure of value to which the appellants were entitled. If under these circumstances Holt had derived no real benefit from the use of the land the appellants would have been entitled to recover the ordinary rental value thereof. To hold otherwise would make the measure of damages purely speculative, depending upon results.

Numerous other objections are made to the judgment finally rendered, including the rate of interest charged on certain sums under varying conditions. We have examined all these objections and have considered

all the arguments made thereon and find that a fair solution of the numerous questions involved was reached and that the judgment is equitable to all parties.

The judgment is affirmed.