IN THE

# SUPREME COURT OF NEBRASKA.

## JANUARY TERM, A. D. 1900.

PRESENT:

HON. T. L. NORVAL, CHIEF JUSTICE.
HON. J. J. SULLIVAN, } JUDGES.
HON. S. A. HOLCOMB, }

STATE OF NEBRASKA, EX REL. CHARLES L. BUGBEE, V. EDWARD P. HOLMES.

FILED JANUARY 3, 1900. No. 11,016.

1. **Intervention**: TIME TO RULE ON APPLICATION. Where a petition to intervene is filed without notice, or application for leave to file, or permission granted, it is proper practice for the court to pass upon the right or propriety of the intervention immediately prior to, or at the time, a decision or judgment upon an issue in the cause.

2. ————: APPEAL: SUPERSEDEAS. If such action is taken, it may bar the applicant to intervene of the supersedeas of the main order or judgment in an attempted or prospective appeal by him therefrom.

3. ————: RECEIVER'S SALE: OBJECTIONS. A petition of intervention, the avowed purpose of which was to object to the sale under order of the court by a receiver of an insolvent bank of some assets remaining after former sales, examined, and *held* not sufficient, under the circumstances and conditions as to the time made, etc., to affect an intervention.

(503)

ORIGINAL application for mandamus to require re-spondent, as judge of the district court, to fix the amount of a bond to supersede an order confirming a sale of realty. *Writ denied.*

*Frank Irvine,* for relator:

So far as the right to a supersedeas is concerned, there is no distinction between an order directing the sale of real estate, and an order confirming such sale. See *Kountze v. Erck,* 45 Nebr., 288; *State v. Fawcett,* 58 Nebr., 371.

The facts and pleadings establish relator's right to intervene. See *Wilcox v. Bickel,* 11 Nebr., 154; *Fitzgerald v. Fitzgerald & Mallory Construction Co.,* 41 Nebr., 374; *Bronson v. La Crosse M. R. Co.,* 2 Wall. [U. S.], 283; *Morrill v. Little Falls Mfg. Co.,* 48 N. W. Rep. [Minn.], 1124; *Waymire v. San Francisco & S. M. R. Co.,* 44 Pac. Rep. [Cal.], 1086; *Park v. Petroleum Co.,* 25 W. Va., 108.

No prior leave of court is essential to the right of intervention. The statute gives the absolute right. The merits of the intervention are to be determined later. See Code, secs. 46, 47, 50a, 50b, 50c; *McConniff v. Van Dusen,* 57 Nebr., 49; *Clark v. Way,* 52 Nebr., 204; *Cobbey v. Dorland,* 50 Nebr., 373; *Moline v. Hamilton,* 56 Nebr., 132; *Deere v. Eagle Mfg. Co.,* 49 Nebr., 385; *Welborn v. Eskey,* 25 Nebr., 195.

*Tibbets Bros., Morey & Anderson, contra.*

References: *Kansas & C. P. R. Co. v. Fitzgerald,* 33 Nebr., 137; *Harrison v. King,* 9 O. St., 388; *Farmers' Loan & Trust Co. v. Kansas City, W. & N. R. Co.,* 53 Fed. Rep., 186.

HARRISON, C. J.

The object of this action is to procure the issuance from this court of a writ of mandamus by which one of

the judges of the district court of Lancaster county will be directed to fix the amount of a bond to supersede an order made by him by which there was confirmed the sale of some real estate. It appears that the Lincoln Savings Bank & Safe Deposit Company was a corporation of this state, and engaged in the banking business; that in January, 1896, in a suit by one who claimed to be its creditor, pursuant to the relief sought, a receiver was appointed to wind up the affairs of the bank, and the receiver appointed entered upon the duties, and has since been performing them; that on July 17, 1899, an order was made that the receiver sell such assets of the bank as then remained in his hands for disposition, and pursuant to which, during the month of September, 1899, the receiver made a sale of some of the said assets, inclusive of real estate, and reported his doings at such sale to the court. That the relator herein filed on September 19, 1899, a petition of intervention in the original action in which the receiver was appointed; also, objections to the confirmation of said sale; that from an order of confirmation the relator sought to perfect an appeal, and asked that the trial court fix the amount of a supersedeas bond, which request was refused. It was stated in the petition of intervention:

"Now comes Charles L. Bugbee and shows to the court that this is an action wherein it is sought to wind up the affairs of the defendant Lincoln Savings Bank & Safe Deposit Company, a corporation organized under the laws of the state of Nebraska; that John E. Hill has been appointed receiver in said action and is now and for a long time past has been acting as such.

"Your petitioner further says that he is the holder of ten shares of stock in said Lincoln Savings Bank & Safe Deposit Company and was such holder at the time of the commencement of this suit. That said receiver has been proceeding from time to time to sell and dispose of the assets of said corporation generally at private sale and always without notice to said corporation and with-

out any adequate advertisement of said sales, and that by virtue of said actions a large proportion of said corporate assets has been sold, and disposed of at much less than the real value of such assets and that the interests of said corporation its creditors and stockholders have been very greatly injured and impaired by such irregular and unlawful sales. That there still remains in the possession of and under the control of said receiver the remainder of said assets consisting of real estate situated in the counties of Lancaster, Greeley, Scott's Bluff, Gage and Thayer in Nebraska, and in the county of Laramie, Wyoming, and also certain personal property consisting of notes, warrants and judgments, a more detailed description of said assets is hereto attached and marked Exhibit 'A.' There may be and probably are in the hands of the receiver other assets but your petitioner has no means of informing himself thereof and cannot definitely allege that there are other assets or describe the same. Your petitioner further avers that said receiver proposes this day to sell at his office in the city of Lincoln said assets described in Exhibit 'A'; that he proposes to do so under a pretended order purporting to be made by the Honorable Edward P. Holmes, judge of this court, July 17, 1899, and on this behalf your petitioner avers that said pretended order is· wholly void, as he is prepared to show if permitted so to do; and that said receiver has proceeded, is proceeding and intends to proceed in disregard of the terms of said order and that the result of said proceeding if confirmed by this court will be to sacrifice the remaining assets of said corporation by disposing thereof at much less than their real value and at much less than he would receive from a fair and legal sale thereof and that if said pending and proposed action be confirmed the rights and interests of said corporation its stockholders and creditors will be further and irremediably impaired.

"And further your petitioner avers that at the time of the commencement of this suit and for a long time prior

thereto one R. D. Miller was president of said corpora-
tion and of its board of directors; that soon after the
commencement of this suit said Miller removed from this
state and has ever since been and still is absent there-
from and his whereabouts is unknown. That since the
year 1895 there has been no election of a board of di-
rectors of said corporation and that the term of office
of each director then elected long ago expired. That
when this suit begun said directors abdicated their func-
tions and they have never since met or acted in any way
as a board of directors; that said board of directors has
never appeared to defend this action nor has said board
of directors nor any one having any authority to act as
directors appeared in defense thereof; and that there
are now no officers to whom appeal can effectually be
made to defend this suit on behalf of said corporation
or to resist said pending and threatened unlawful pro-
ceedings of said receiver. Nevertheless your petitioner
has caused demand to be made upon said former di-
rectors to meet and take steps on behalf of said corpora-
tion and resist said pending and threatened proceedings
but said former directors have refused to comply with
said demand."

It is pleaded in the present application for a writ of
mandamus that on a hearing of a motion filed by relator
to set aside the sale it was "held and announced" that
he was entitled to intervene, and to resist the confirma-
tion of the sale; also, that the sale was regular, and
would be confirmed, but that afterward the judge before
whom the matters were heard, signed and caused to be
made of record an order in which the holding in regard
to the relator's intervention was to the contrary of what
had been announced. The order of record recites that a
hearing was had, and it was determined that the relator
had no standing in court to be heard, had not intervened
or been allowed to, could not object to the proceedings
or "obtain any rights or benefits," and, as we have be-
fore stated, the sale was confirmed, and there was a re-

fusal of the relator's demand to fix the amount of a supersedeas. The provisions of law under which the relator claims the right of intervention existed are sections 50a, 50b and 50c of the Code of Civil Procedure:

"Sec. 50a. Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to an action, or against both, in any action pending or to be brought in any of the courts of the state of Nebraska, may become a party to an action between any other persons or corporations, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendants in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant either before or after issue has joined in the action, and before the trial commences.

"Sec. 50b. The court shall determine upon the intervention at the same time that the action is decided, and if the claim of the intervenor is not sustained he shall pay all costs of the intervention.

"Sec. 50c. The intervention shall be by petition, which must set forth the facts on which the intervention rests, and all the pleadings therein shall be governed by the same rules as obtain in regard to other pleadings provided for by the Code. But if such petition is filed during term the court shall direct the time in which answers thereto shall be filed."

The portion of the Code under which the direct right to a supersedeas was and is claimed is the third subdivision of section 677.

There is little or no contention in arguments on the point made for the relator that the right to a supersedeas exists in appeals from orders of confirmation of sales, and we pass it without further notice. It is urged for the relator that the right to intervene is absolute, and if a petition of intervention discloses a right in the intervener when it has been filed, he is in court and the right must be adjudicated; that no leave to intervene or order allowing the intervention is necessary.

The position of respondent is stated in a brief as follows:

"1st. If relator was never a party to the action, then he had no right to supersede the order of the court.

"2d. The relator could become a party to the action only (a) by order of the court in the exercise of its discretion; (b) by allegations of interest in the subject of the action in accordance with the statutes governing interventions.

"3d. If he comes in by right and not by consent or order of the court, he must allege specific facts, which, if sustained, will make his intervention effective."

One of the main contested points is relative to the sufficiency of the petition of intervention. The petition of intervention, as will no doubt have been noticed, purported to be. for the immediate petitioner and other stockholders. It was filed without leave or notice, and no order allowing intervention was ever asked or granted. The order in the case in which intervention was sought decided that it had not been effectuated. We are satisfied that, when a petition is filed by a party who thereby seeks to intervene, as there was in the matter involved in this application, and no allowance of the intervention is asked or granted, it is proper practice for the court in which the action is pending to decide the question of intervention at the time of its decision of the main issue then in litigation, and, if decided adversely to the petitioner, and as was the adjudication here in question, that he had no standing or was not in court, he can have no appeal from the decision on the merits. The question then is, did the petition here disclose interest or rights in the applicant which were being invaded or infringed? The application was not presented, as shown by the petition, until many sales had been made, nor until the sale of what was the remainder, or the last of the assets, had been ordered and about to occur. The sale was, as were all of them, under the direct order and supervision of the court, or made by the court through its receiver, and the

party who sought to intervene in his petition did not plead any matters of fraud, nor that there was to be or had been other than intelligent and honest actions in regard to sales. The statements were mere attacks upon what may be termed alleged irregularities, also as to things as to which the petitioner differed in opinion with the court and its receiver in the manner of or the proper disposition to be made of the assets. In regard to the prices which had been realized or would be, the allegations were but general, nothing specific or of facts from which, at least, inferences of fraud might be drawn; in short, the allegations of the petition for intervention, under all the circumstances and conditions of the time when made, were, as determined by the trial judge, insufficient to give the applicant a standing in the court and case. This being true, he was not entitled to supersede the order of confirmation. The main reason on which our decision rests was probably not clearly expressed in the journal entry made in the lower court; but it was nevertheless included. It follows that the writ must be denied.

WRIT DENIED.