(March 24, 1921.)

THEODORE SPENCER, Plaintiff, v. Honorable H. F. ENSIGN, as Judge of the District Court of the Fourth Judicial District, Defendant.

[196 Pac. 668.]

ACTION—DISMISSAL BY PLAINTIFF — MOTION, EFFECT OF—STATUTE— STIPULATION.

1.  Under C. S., sec. 6830, the plaintiff in an action for divorce has an absolute right to dismiss his action, where a counterclaim has not been made and no affirmative relief is sought by the defendant. If a motion to dismiss be made, the court has no power to deny it, notwithstanding a motion for change of venue is pending.

2.  The provision of C. S., sec. 6830, subd. 1, defines the right of the plaintiff to a dismissal of the action, and where a motion to dismiss is seasonably made by plaintiff, the court has no other alternative than to direct the clerk to enter an order dismissing it.

3.  *Held,* that a stipulation that plaintiff's counsel would appear and confess a motion for change of venue and have the court make an order changing the place of trial does not preclude plaintiff from moving for a dismissal of his action at any time before trial, where a counterclaim has not been made and no affirmative relief is sought by defendant.

———

1.  Voluntary dismissal of bill for divorce, see note in **Ann. Cas.** 1917A, 1197.

Original application for writ of prohibition. *Granted.*

J. G. Hedrick, for Plaintiff.

Under sec. 6830, C. S., the plaintiff may dismiss his action any time before trial. (*Boyd v. Steele,* 6 Ida. 625, 59 Pac. 21; *Stover v. Stover,* 7 Ida. 185, 61 Pac. 462; *Chicago etc. Ry. Co. v. Trueman,* 18 Ida. 687, 693, 112 Pac. 210; *Ramsey v. District Court, ante,* p. 296, 193 Pac. 733.)

Frank T. Wyman and D. E. Brinck, for Respondent.

The statutory mode of dismissal must be exercised in the manner provided by statute. If instead of pursuing the statutory mode, the plaintiff prefers to make a motion in open court, thereby invoking the inherent power of the court in the exercise of which it is asked to make an order dismissing the case, the making of such order then is an exercise of the jurisdiction of the court as such, from which an appeal will lie, rather than any extraordinary relief. (*Huntington Park Improvement Co. v. Superior Court,* 17 Cal. App. 692, 121 Pac. 701.) In the then condition of the record, the court was without power to make any order other than to pass upon the motion for a change of venue. (*Brady v. Times-Mirror Co.,* 106 Cal. 56, 39 Pac. 209.)

BUDGE, J.—This is an original application for a writ of prohibition to restrain the Honorable H. F. Ensign, as judge of the district court of the fourth judicial district, from taking any further action or proceeding in the case of *Theodore Spencer, Plaintiff, v. Anna R. Spencer, Defendant.*

Plaintiff filed a complaint for divorce from Anna R. Spencer in the district court of the fourth judicial district on December 8, 1920. On January 10, 1921, defendant Anna R. Spencer filed a demurrer, an affidavit of merits, an affidavit of residence, a demand for change of place of

trial, a notice of motion for change of place of trial and a motion for change of place of trial, from which it appears that defendant has a good and sufficient defense to the action upon the merits, that she resides in Ada county, that she demands a change of place of trial to Ada county, and that the motion was noticed for hearing on January 17th, upon which date the action was dismissed in open court upon motion of counsel for plaintiff. On February 7th, defendant Anna R. Spencer filed a notice of motion to vacate the order of dismissal, upon the ground that the court was without jurisdiction to make said order, which motion was argued, submitted and taken under advisement on February 20th. On February 21st, upon petition for writ of prohibition, an order was issued by this court restraining the judge of the district court from taking any further action in said cause until a hearing should be had upon the petition.

It appears that on or about January 14, 1921, counsel for plaintiff notified one of counsel for defendant by telephone that it would not be necessary for them to appear on January 17th, but that counsel for plaintiff would appear and confess the motion for change of venue and have the court make an order changing the place of trial to Ada county, but that instead of so doing, he appeared and caused an order to be made upon the minutes of the court dismissing the action.

The principal question involved in this proceeding is whether the plaintiff has a right to dismiss his action where no answer or cross-complaint has been filed by the defendant, but where a motion for change of venue has been made and is undisposed of.

C. S., sec. 6830, provides that: "An action may be dismissed .... (1) By the plaintiff himself, at any time before trial, upon the payment of costs; provided, a counterclaim has not been made or affirmative relief sought by the cross-complaint or answer of defendant."

This court held in *Stover v. Stover,* 7 Ida. 185, 61 Pac. 462, that: ''In an action for divorce, where no cross-complaint or counterclaim, stating a cause of action, and seeking affirmative relief, is filed, the plaintiff has a right, as a matter of course, to dismiss the action.''

And in *Ramsey v. District Court, ante,* p. 296, 193 Pac. 733, it was held that: ''Under C. S., sec. 6830, a plaintiff has an absolute right to dismiss his action, provided a counterclaim has not been filed, or affirmative relief sought by the cross-complaint or answer of defendant. The dismissal may be accomplished by a motion addressed to the court, as well as by a formal certificate of dismissal. If a motion be made, the court has no power to deny it. In contemplation of law the action is dismissed upon the filing of the motion or a formal dismissal.

It is contended on behalf of the defendant in this proceeding that plaintiff had an absolute right to a dismissal of this action by a request to the clerk, the entry of dismissal on the clerk's register being a mere ministerial act which must be performed upon plaintiff's request, but inasmuch as he applied to the court for the dismissal, the action of the court was not under any statute, but was the exercise of its inherent power as a court and essentially a judicial act. Defendant relies on *Huntington Park Imp. Co. v. Superior Court,* 17 Cal. App. 692, 121 Pac. 701, and *Brady v. Times-Mirror Co.,* 106 Cal. 56, 39 Pac. 209. While these cases may lend support to the contention of defendant, they are based upon California Code of Civil Procedure, sec. 581, subd. 1, which, though similar to, is distinguishable from the provisions of C. S., sec. 6830, subd. 1.

The California statute provides that: ''An action may be dismissed . . . . (1) By the plaintiff himself, by written request to the clerk, filed among the papers in the case, at any time before trial . . . . ''

While our statute provides that: ''An action may be dismissed . . . . (1) By the plaintiff himself, at any time before trial . . . . ''

The provision of C. S., sec. 6830, subd. 1, defines the right of the plaintiff to a dismissal of the action, and where a motion is seasonably made by plaintiff to dismiss the action, the court has no other alternative than to direct the clerk to enter an order dismissing it. (*Newman v. District Court*, 32 Ida. 607, 186 Pac. 922; *Boyd v. Steele*, 6 Ida. 625, 59 Pac. 21.)

It is further contended on behalf of defendant that a stipulation existed between counsel for plaintiff and defendant, that the former would appear and confess the motion and have the court make an order changing the place of trial, and that plaintiff secured the dismissal of the case in violation of this stipulation. It does not appear that plaintiff stipulated that the case should not be dismissed, which action would be subject to the wishes of his client. We think he might move for the dismissal of the action upon the day set for hearing the motion for change of venue or at any other time before trial, where a counterclaim has not been made and no affirmative relief sought by defendant.

From what has been said it follows that the peremptory writ should issue and it is so ordered.

Rice, C. J., and McCarthy and Dunn, JJ., concur.

Lee, J., did not sit at the hearing or participate in the opinion.