[Civil No. 1883.   Filed May 4, 1921.]

[197 Pac. 575.]

## R. L. HARRIS & COMPANY, a Corporation, Appellant, v. C. I. HOUCK, Appellee.

1. APPEAL AND ERROR—DISMISSAL ON PLAINTIFF'S MOTION HELD INVOLUNTARY AND APPEALABLE. — Where plaintiff on day set for trial moved the dismissal of his complaint, and defendant, acquiescing in the dismissal, moved that it be made with prejudice to another action, to which plaintiff objected, and judgment was entered with prejudice to another action, dismissal was not voluntary, and plaintiff could appeal.

2. DISMISSAL AND NONSUIT — RIGHT OF PLAINTIFF TO DISMISS ABSOLUTE.—Under Civil Code, of 1913, paragraph 463, a plaintiff in an action on an open account had the absolute right to have the case dismissed without prejudice where defendant had filed no counterclaim or cross-bill and asked for no affirmative relief.

APPEAL from a judgment of the Superior Court of the County of Navajo. J. E. Crosby, Judge. Reversed, with directions to set aside order of dismissal and reinstate case.

Mr. Thorwald Larson, for Appellant.

Mr. W. E. Ferguson, for Appellee.

· ROSS, C. J.—We will designate the parties as plaintiff and defendant. The plaintiff sued defendant upon an open account for the reasonable value of goods, wares and merchandise. Defendant demurred and pleaded in bar to the complaint. Upon the day set for trial plaintiff moved the dismissal of his complaint. Whereupon defendant, acquiescing in the dismissal, asked that it be made with prejudice to another action, to which plaintiff objected. The motion to dismiss was granted, and judgment entered that the dismissal be with prejudice. Plaintiff thereafter moved the court to vacate the order of dismissal. He appeals from the ruling of the court in refusing to vacate the order, and also from the judgment of dismissal.

If the plaintiff's motion had been granted in the form in which it was made, he would not be permitted to prosecute this appeal; for the dismissal in that case would have been voluntary and upon his invitation. *Cybur Lumber Co.* v. *Erkhart,* 247 Fed. 284, 159 C. C. A. 378; 3 C. J. 300, par. 333. The plaintiff's motion, however, was not granted. In effect, the motion that was granted was made by defendant. His motion that the case be dismissed with prejudice was a substitute for the plaintiff's motion. The motion actually entertained and granted by the court was defendant's, and the order and judgment thereon were upon the merits of the case finally disposing of it. The dismissal, in the form it took, was not voluntary. Where a judgment or order of dismissal, discontinuance, or nonsuit is involuntary or compulsory, the general rule is that an appeal may be taken therefrom. 3 C. J. 497, par. 332.

We think, in the condition of the pleadings, the plaintiff was entitled, as an absolute right, to have his case dismissed in accordance with his motion.

The defendant had filed no counterclaim or cross-bill, and was asking for no affirmative relief. The statute (paragraph ·463, Civ. Code) grants to a plaintiff the right to discontinue his case in such circumstances without restriction, and, whether the motion be one to discontinue or dismiss, the result amounts to the same thing. It would seem, subject to the restriction that no cross-bill or counterclaim has been filed, the right to discontinue or voluntarily dismiss by the plaintiff is absolute. 18 C. J. 1148, par. 5.

The court erred in both respects complained of. The judgment is therefore reversed and the cause remanded, with directions to the lower court to set aside the order of dismissal and reinstate the case.

BAKER and McALISTER, JJ., concur.