STATE EX REL. TIBBALS v. DISTRICT COURT OF THE NINTH JUDICIAL DISTRICT IN AND FOR FREMONT COUNTY, ET AL.
(No. 1667; Nov. 10, 1930; 292 Pac. 897)

For the respondent's demurrer, there was a brief and a reply brief by *O. N. Gibson,* of Riverton, Wyoming, and *A. H. Maxwell,* of Lander, Wyoming, and oral argument by *Mr. Gibson* and *Mr. Maxwell.*

216

The cause was submitted for the Relator on the brief of *John J. Spriggs,* of Lander, Wyoming, without oral argument.

BLUME, Chief Justice.

This is an original proceeding in this court, in which the relator asks for a writ of mandamus in the first cause of action and for a writ of prohibition in the second. The respondents have demurred to the petition, claiming that the facts stated are insufficient to constitute a cause of action. The demurrer has been argued and is now up for disposition. The following facts appear from the petition: Case No. 4182, of Fremont County, Wyoming, entitled Tibbals v. Keys, et al., was appealed in this court. Tibbals v. Keys, 40 Wyo. 524, 281 Pac. 190. The judgment of the trial court was modified; a trust was declared in certain real property in the sum of $17,500, and the property was directed to be sold. A mandate from this court was issued accordingly. On April 26, 1930, judgment was rendered in the court below in accordance with such mandate. Previous thereto, however, on March 11, 1930, the Federal Gold Mining Company had filed an application in that case to be permitted to intervene, claiming to be the owner of the property. That right was denied by an order of April 26, 1930. Notice of appeal from this order was given and a supersedeas was granted pending appeal to this court. On April 26, 1930, there was also pending in the District Court of Fremont County another case, numbered 4212, in which Tibbals was plaintiff and the Federal Gold Mining Company was defendant, and in which the plaintiff sought to litigate rights in the same property involved in Tibbals v. Keys, et al. Up to, and including part of, the date last

mentioned, the case was pending on demurrer, and before any answer asking affirmative relief was filed, Tibbals, the plaintiff, moved the court to dismiss the case without prejudice. The court took the view that the case ought not to be dismissed except with prejudice, and because plaintiff was unwilling to agree to that condition, overruled the motion; and, further, upon application, it immediately issued a restraining order in case No. 4182 staying further proceedings therein until the issues in case No. 4212 had been investigated and determined by the court. The order overruling the motion to dismiss, while made as of April 26, 1930, was not actually signed and filed for record until May 10, 1930. And in the meantime, and sometime on April 26, 1930, the Federal Gold Mining Company filed an answer in Case No. 4212 and prayed affirmative relief therein.

1. Counsel for relator seems to claim, if we do not misconstrue his contention, that since this court by its mandate directed a sale of the property involved in Tibbals v. Keys, such sale must be had regardless of the rights of any party whatsoever, and that a restraining order of any kind is necessarily in conflict with the mandate of this court. We cannot assent to so broad a claim. A judgment operates only between the parties thereto and their privies and has no effect upon the rights of an independent third party. We are not prepared to hold that this or any other court may order a sale of property belonging to a third party without giving him an opportunity, at least upon request, to present and assert his rights. See 23 C. J. 553, et seq. Here the Federal Gold Mining Company claims to be the owner of the property involved in case No. 4182, and to have been such owner long before suit in that case was brought. It was, so far as the records show, never a party to the action in which a mandate was issued by this court. The fact that it had knowledge thereof and might have come into court is no answer. Tibbals did not choose to bring it into court, and if its rights have not been disposed of, that would seem to be the fault as much of Tibbals him-

self as of the Federal Gold Mining Company. If it is true, as counsel for the relator herein claims, that because of certain extraneous facts the Federal Gold Mining Company was in truth a party in Case No. 4182, that question ought not to be settled in this proceeding, but only upon a determination of the facts in the proper case by the trial court. The writ of mandamus is a discretionary writ; the rights of the relator must be clear, and if its issuance depended upon the points heretofore discussed, we should feel constrained to deny it.

2. As stated above, the Federal Gold Mining Company, on March 11, 1930, filed an application in Case No. 4182 to be permitted to intervene. The court denied the application on April 26, 1930. Notice of appeal from this order was duly given, and the court, on application, entered an order "that the intervener have a stay of execution and judgment for such time as may be necessary to enable it to perfect its appeal, upon condition that it enter into an undertaking to stay the execution and judgment in the sum of $5000, conditioned as provided by Section 6412, Wyo. C. S. 1920." It would seem, judging from the amount of the bond that was fixed, that it was the intention of the court to permit a stay of execution of the main judgment in Case No. 4182. It is stated in 3 C. J. 1276 that as a rule a person not a party to the proceeding in which the judgment of the court below complained of was rendered cannot obtain a supersedeas to such judgment, and that rule was applied in Culpepper County v. Gorrell, 20 Gratt. 484, to a case in which the applicant for the supersedeas had been denied the right to intervene. A similar point was before the court in State v. Holmes, 59 Nebr. 503, 81 N. W. 512, but the court in that case denied the application for supersedeas apparently on the theory that the applicant's petition to intervene did not state facts sufficient to entitle him to intervene. So we are not prepared to decide whether or not an applicant for intervention might not at times and under particular circumstances be entitled to a supersedeas to

stay execution of the main judgment, but we shall not do so at this time because the point has not been properly argued; and we need not do so, because the undertaking on appeal given by the Federal Gold Mining Company was clearly not given to stay execution of the main judgment, for it is therein provided: "The condition of this bond is such that if the appellant shall perfect its appeal within the time allowed by law and when perfected shall prosecute the same in the appellate court with diligence and shall abide the judgment appealed from and pay to the plaintiff the amount thereof with interest and costs, then this obligation shall be void," etc. The "judgment appealed from" was the order denying the right to intervene, and has nothing in common with the main judgment rendered in Case No. 4182.

3. (a) We pass, accordingly, to the consideration of the refusal of the court to dismiss Case No. 4212 and the restraining order issued in that connection. That order was issued because of the pendency of Case No. 4212, and if, accordingly, that case was not in fact pending at that time, the order necessarily becomes void. We must proceed then to consider the legal effect of the motion to dismiss. Section 5879, Wyo. C. S. 1920, as far as applicable here, provides:

"An action may be dismissed without prejudice to a future action: 1. By the plaintiff before the final submission of the cause to the jury, or to the court, when the trial is by the court."

The next section restricts this right, if a set-off or counterclaim has been pleaded and filed, but we need not discuss the scope of that section, for the demurrer concedes that the motion to dismiss was made before the case was finally submitted and that at that time no affirmative claim of any kind was on file. Now courts generally hold under a statute like ours or similar to ours, that the plaintiff has the abso-

lute right to dismiss his case without prejudice at any time before trial of the case, if no claim for affirmative relief is on file. The right is fixed by statute and does not rest in the discretion of the court. Wehe v. Mood, 68 Kans. 373, 75 Pac. 476; Northwestern Mutual L. Ins. Co. v. Barbour, 95 Ky. 7, 23 S. W. 584; Goin v. Chute, 126 Ore. 466, 260 Pac. 998, 270 Pac. 492, 493; Spencer v. Ensign, 33 Ida. 577, 196 Pac. 668, 670; Ramsey v. Dist. Ct., 33 Ida. 296, 193 Pac. 733; Harris & Co. v. Houck, 22 Ariz. 340, 197 Pac. 575; Herr v. Schwager, 133 Wash. 568, 234 Pac. 446. In Reed v. Rocap, 9 N. J. L. 349, the court said:

"The principle on which this permission to withdraw is founded is that the procedure on the part of the plaintiff is his own, instituted for his own benefit, that in abandoning it he affects or abridges the right of no other person, and as he must pay costs to his adversary he is thereby deemed, in legal contemplation, to make him indemnity for calling him into court; so long, then, as he can exercise control over the proceedings without interfering with the established rights of another, he is permitted to do so. But whenever such proceedings have occurred, or the suit has so far advanced that any right of the adverse party has been legally established, or may be abridged by a relinquishment of further proceedings, the power of the plaintiff has ceased."

In Spencer v. Ensign, supra, the court said in part:

"The provision of C. S. § 6830, subd. 1, defines the right of the plaintiff to a dismissal of the action, and where a motion is seasonably made, by plaintiff, to dismiss the action, the court has no other alternative than to direct the clerk to enter an order dismissing it."

In Harris & Co. v. Houck, supra, the court said:

"We think, in the condition of the pleadings, the plaintiff was entitled, as an absolute right, to have his case dismissed in accordance with his motion. The defendant had filed no counterclaim or cross-bill, and was asking for no affirmative relief. The statute grants to a plaintiff the right to discontinue his case in such circumstances without

restriction, and, whether the motion be one to discontinue or dismiss, the result amounts to the same thing. It would seem, subject to the restriction that no cross-bill or counter-claim has been filed, the right to discontinue or voluntarily dismiss by the plaintiff is absolute.''

(b) It is argued, however, that an order of court must be entered of record and that no case can be considered dismissed until that is done. But counsel's contention would mean that if a defendant wants to file a counterclaim, when plaintiff desires to dismiss his case, all that need be done is for the court to withhold entry of an order of dismissal and it would thus be in the absolute power of the court to nullify the plain provisions of the statute. The court, it is true, speaks only through its records (State ex rel. v. Urshell, 104 Oh. St. 172, 135 N. E. 630) and the provisions of the statute, that an order of court must be placed of record, must be complied with, and will, in the proper cases, as on appeal, be applied and enforced. But that does not reach the case at bar, for it is one involving the duty of the court to cause an entry to be made upon its records, and it is sought to enforce that duty as of the time when the motion to dismiss was made. Whether or not the affirmative relief prayed by the defendant prevented the dismissal of the action must be determined as of the time when the motion to dismiss was made (Northwestern Mutual Life Ins. Co. v. Barbour, supra; Boyd v. Steele, 6 Ida. 625, 59 Pac. 21) unless, possibly, at that very time the counterclaim or other affirmative relief included within the provisions of Section 5880, Wyo. C. S. 1920, was tendered in court, which does not appear to have been true in this case. See Skinner & Eddy Corp. v. U. S., 58 Court of Claims 663; Ringo etc. v. Trustee, 101 Ky. 91, 97, 39 S. W. 701. Thus in Boyd v. Steele, supra, it was held that the filing of an answer praying for affirmative relief after the dismissal was filed but before entry of judgment could not defeat the right of dismissal. In the case of Hinkel v. Donohue, 90 Cal. 389, 27 Pac. 301, 302, the plaintiff filed a dismissal with the clerk

and gave notice of an application to have judgment entered accordingly, before the hearing on that motion a cross-complaint was filed. The court said:

"The defendants could not, by filing a cross-complaint, after receiving this notice, deprive the plaintiff of this right (of dismissal). The fact that before the motion was heard by the court the defendants filed a cross-complaint did not impair the right of the plaintiff to have the motion determined according to the facts as they existed when the notice of the motion was given. The order when made and the judgment entered in pursuance of the order, related to the first step taken in its procurement, and is to be regarded as having been made at that date. The right of the plaintiff as it existed October 17, 1888 (at the time of the filing of the dismissal) to have his motion granted, did not depend upon the relative speed of himself and the defendants in any race to procure the first hearing before the court."

And in the case of Kaufman v. Sup. Ct., 115 Cal. 152, 46 Pac. 904, the judgment entered dismissing the case was held to relate to the time of the demand for the dismissal of the action and in that case a writ of prohibition was issued to restrain the court from proceeding further in the case.

In the case of Ramsey v. District Court, supra, the court said in part:

"Under C. S. Sec. 6830 a plaintiff has an absolute right to dismiss his action provided a counterclaim has not been filed or affirmative relief sought by the cross-complaint or answer of the defendant. The dismissal may be accomplished by a motion addressed to the court as well as by formal certificate of dismissal. If a motion be made the court has no power to deny it. In contemplation of law the action is dismissed upon the filing of the motion or a formal dismissal."

(c) Counsel state that courts disregard fractions of a day and that in view of the fact that the answer asking affirmative relief was filed on the same day as, though subsequent to, the motion to dismiss, it must be regarded as

filed at the same time. This point arose in the case of Tower v. Stimson, (C. C.) 175 Fed. 130, where two papers were filed within a brief time of each other. In that case the contention of counsel was not sustained, and the court said on that point:

"The defendant contends, however, that the filing of the two papers must be treated as simultaneous, because the court disregards fractions of a day. This is true for some purpose, and the fiction has been given an extended application in some English courts, yet even there the case at bar is recognized as outside its scope. Thus in Edwards v. Reginam, 9 Ex. 628, Mr. Justice Coleridge, speaking for the Court of Exchequer Chamber, said: 'The court will inquire at what time a party does an act, as filing a bill or delivering his declaration.' That justice and convenience often require a court to notice the hour as well as the day of filing is illustrated by the case at bar. The complainant had a right to dismiss his bill. The defendant might defeat that right at any time by filing a cross-bill which prayed for affirmative relief; but he might not defeat the complainant's right by a bill filed after the motion was made, and nowadays a motion may be made in writing for some purposes, as well as by word of mouth addressed to the court. To make the cross-bill here filed effective against the complainant's motion would allow the defendant, by keeping a close watch on the clerk's office, to speculate upon the complainant's proceeding with the original bill, and to follow up the complainant's motion by the immediate filing of a cross-bill. If the cross-bill has been already filed, the complainant will move for dismissal in vain. If the motion has been made in court or filed with the clerk, the complainant's right of dismissal is perfected, and the defendant's cross-bill will thereafter be filed in vain."

(d) Counsel for respondents further contend that the action of the court cannot be shown, explained or impeached by parol testimony. Now there is no attempt here to impeach the record of the court. That record discloses the motion to dismiss and the overruling of the motion. These facts are not sought to be contradicted. On the contrary they are accepted as the basis for the claim that the court's

action was erroneous. In order to exhibit that error fully the fact must appear that the motion to dismiss was made before the answer asking affirmative relief was filed. It seems to be counsel's contention that this can only be made to appear by a bill of exceptions. No authority to that effect has been cited. The showing of that error would seem to be a matter of proof. That proof may be dispensed with by admission (38 C. J. 914), which has in this case been done by the demurrer. Nothing further on this point need to be decided at this time.

(e) Counsel further contend that mandamus is not the proper remedy. They have cited no case in point and make their contention evidently on the theory that the dismissal was a discretionary act, and they have overlooked what is said in 38 C. J. 629:

"But in case the statute peremptorily requires a dismissal on certain conditions, the writ will go to compel it, if these conditions exist, especially where the relator will be subject to great inconvenience, expense and difficulties before the court's action could be reviewed by appeal."

Quite a number of cases are cited, and to these may be added Charles L. Donahoe Co. v. Superior Court, (Cal.) 252 Pac. 659; Yusky v. Chief Consol. Min. Co., 65 Ut. 269, 236 Pac. 452, 457; State ex rel. v. Jones, 145 Wash. 258, 259 Pac. 718. These cases merely apply the general rule laid down in 38 C. J. 609, that:

"Where a duty is reposed upon a judge or tribunal, and no discretion as to its performance given, performance may be compelled by mandamus."

In California Pine Box etc. Co. v. San Francisco Sup. Ct., 13 Cal. App. 65, 108 Pac. 882, 884, the court said:

"It is conceded that the writ will not lie to control the discretion of the court where the facts are such that the court may use its discretion. In many cases the discretion

exercised by the trial court is conclusive, particularly where the evidence is conflicting; but the rule is now more liberally extended in regard to the writ of mandate and its use to control judicial action, and even judicial discretion when such discretion has been abused. Where the facts are undisputed, and the law establishes the right of a party to an order or to the relief which the court has refused, the writ will lie.''

In Anderson v. Superior Court, 187 Cal. 95, 200 Pac. 963, 964, the court said:

''The proposition so strongly urged in behalf of respondent, that mandamus will not lie in this proceeding because the matters submitted upon the motion to dismiss called for the exercise of judicial and discretionary powers of the court, which cannot be called in question in this matter, is not maintainable. As already pointed out, the requirement to dismiss * * * is mandatory. * * * Where the express mandatory conditions for a dismissal are clearly established, and without contradiction, the court was without discretion. * * * The mere condition that some question of fact must be determined before the court may act under a mandatory provision of law does not make the act dependent upon judicial discretion. No duty is enjoined by law which does not first require as a condition of its enforcement proof of jurisdictional facts. The distinction may sometimes be confusing, but it is substantial.''

And so in some cases a writ of prohibition has been issued restraining the court from proceeding further in a case which it was its plain duty to dismiss. Kaufman v. Superior Court, supra; Spencer v. Ensign, supra. No other adequate remedy at law has been suggested, and we need not pause to consider that point. We might add, however, that in Anderson v. Superior Court, supra, the court held that no appeal lies directly from an order refusing to dismiss, and for relator to be compelled to submit to an unwarranted trial of the cause, and then appeal from the judgment, if adverse, does not afford speedy and adequate relief, citing White v. Superior Court, 126 Cal. 246, 58 Pac. 450, 451. See also Anniston F. N. Bank v. Cheney, 120 Ala. 117, 23

So. 733, and State ex rel. v. Jones, supra; State v. Johnson, 105 Wis. 90, 80 N. W. 1104.

The demurrer filed herein must, accordingly, be overruled, and respondents are given twenty days in which to answer or plead further in the case. In case of failure to do so, the proper writ will issue as to the dismissal of case No. 4212 and its incidence, the restraining order issued in connection therewith.

*Demurrer Overruled.*

KIMBALL and RINER, JJ., concur.