A. W. HURSH,

*Plaintiff and Respondent,*

vs.

HENRY WELIEVER,

*Defendant and Appellant.*

(No. 2620; January 19th, 1954; 265 Pac. (2d) 372).

For the defendant and appellant the cause was submitted upon the brief of W. M. Haight of Riverton, Wyoming.

For the plaintiff and respondent the cause was submitted upon the brief and also oral argument of G. L. Spence of Riverton, Wyoming.

## OPINION

RINER, Justice:

In the district court of Fremont County, A. W. Hursh as plaintiff, now respondent, instituted an action against Henry Weliever and Gerald Weliever as defendants. Of these parties Henry is now the appellant here. Hereinafter the parties in this court will usually be mentioned simply as appellant and respondent or by their respective surnames.

Briefly, the facts presented by the record are substantially as follows: Upon the institution of plaintiff's action, in which an amended petition was filed, and shortly after that pleading was placed in the Clerk's office of the district court on file there, Henry Weliever moved to quash the summons issued in said action, to make the first alleged cause of action in said amended petition more definite and certain, to discharge the attachment writ issued in the action shortly after the litigation was commenced and also to dissolve the garnishment proceeding instituted in connection with the said attachment. Defendant Henry Weliever also, about the same time these motions were made by him, further filed a demurrer to the several alleged causes of action attempted to be set out in Hursh's amended petition aforesaid. Subsequently, the motion

to discharge the attachment was heard by the court and sustained. After the order to that effect had been passed and before any answer with counter-claim or set-off had been filed by the defendants or either of them, plaintiff filed a motion asking the clerk of the district court aforesaid to make an entry on the journal dismissing plaintiff's action, plaintiff having for that purpose paid the accrued costs said dismissal to be without prejudice to a future action on the part of the plaintiff. The clerk thereupon and on the same day entered on the journal an order reading:

"Upon motion of the plaintiff in the above entitled cause, filed herein this day, to dismiss said action without prejudice to a future action, and at the costs of the plaintiff, and the costs having been fully paid, and upon said motion of the plaintiff, in vacation.

"IT IS THEREFORE ORDERED that said cause be, and the same is hereby dismissed without prejudice to a future action at plaintiff's costs.
"Dated this 31st day of March, 1953.

(Signed) Albert Tweed
Clerk of Court."

After the clerk had thus complied with the plaintiff's request the defendant, Henry Weliever, moved the court to "set aside and vacate said order and reinstate" said action of the plaintiff. This the court by its order, after hearing had, declined to do. From this order refusing to reinstate plaintiff's action by setting aside the action of the clerk aforesaid this appeal is taken. The sole question before us is, therefore, whether the district court acted properly through its order of refusal to set aside the clerk's action and to reinstate the cause as the defendant desired. The statutes of this state involved are Section 3-3505 W.C.S. 1945, which so far as is pertinent reads:

"An action may be dismissed without prejudice to a future action:

"1.  By the plaintiff, before the final submission of the cause to the jury, or to the court, when the trial is by the court. * * *

"6.  By the plaintiff, in vacation, on payment of costs; and the clerk, in such case, shall forthwith make an entry thereof on the journal, whereupon the dismissal shall take effect; but this clause shall not apply to a petition in error, or a case in which a counter-claim or set-off has been filed.

"In all other cases the decision must be upon the merits, upon the trial of the action."

and also section 3-3506 which reads:

"If a set-off or counter-claim be pleaded, the defendant shall have the right of proceeding to the trial of his claim, although the plaintiff has dismissed his action or fails to appear."

The language of these sections was borrowed from the Ohio Code of Civil Procedure and in Siegfried vs. Railroad Company, 50 Ohio St. 294, 297, 34 N. E. 331, discussing the phraseology of Section 3-3505 above referred to,—the Supreme Court of Ohio said:

"By the provisions of section 5313, a plaintiff may voluntarily dismiss his action, either at term, or in vacation on payment of costs, without prejudice to a future action, at any time before the final submission of the case to the jury, or to the court when the trial is by the court; except that he cannot dismiss in vacation when a counter-claim or set-off has been filed in the action. A dismissal by the plaintiff, involves no action of the court; it is a voluntary withdrawal of his case, and is not a failure in the action."

In Higgins vs. McCrea, 116 U. S. 671, 29 L.E. 764, 768, 769, 6 Sup. Ct. 557, the national Supreme Court considering the law in Ohio relative to dismissal of actions remarked that:

"A counter-claim under the Ohio Code is regarded as a cross action. When it has been set up in an answer the plaintiff will not be allowed to dismiss his suit without the defendant's consent: Wiswell v. First Congregational Church, 14 Ohio St. 31; and it must state facts recognized by courts of law or equity as constituting a cause of action. Hill v. Butler, 6 Ohio St. 207. If a plaintiff dismiss his action against the defendant, or fail to appear, that will not prevent the defendant from prosecuting the counter-claim set up in the suit to final judgment against the plaintiff. Code of Procedure, § 373."

In State ex rel Tibbals vs. District Court of 9th Judicial District in and for Fremont County, 42 Wyo. 214, 222, 223; 292 P. 897, 71 A.L.R. 993, this court considered the effect of subdivision 1 of § 3-3505 (then § 5879 Wyo. C.S. 1920), and said:

"We must proceed then to consider the legal effect of the motion to dismiss. Section 5879 Wyo. C.S. 1920, as far as applicable here, provides:

" 'An action may be dismissed without prejudice to a future action: 1. By the plaintiff, before the final submission of the cause to the jury, or to the court, when the trial is by the court.'

"The next section restricts this right, if a set-off or counter-claim has been pleaded and filed, but we need not discuss the scope of that section, for the demurrer concedes that the motion to dismiss was made before the case was finally submitted, and that at that time no affirmative claim of any kind was on file. Now courts generally hold, under a statute like ours or similar to ours, that the plaintiff has the absolute right to dismiss his case without prejudice at any time before trial of the case, if no claim for affirmative relief is on file. The right is fixed by statute and does not rest in the discretion of the court." (Citing many authorities.)

The Supreme Court of Kansas in Henry et al vs. Edde, 148 Kan. 70, 79 P. (2d) 888, 890, had occasion to examine the language of their statute § 60-3105 of G.S. 1935. It will be observed that its phraseology is

substantially identical with that considered by this court in the Tibbals case. It is to be noted further that the Kansas Court reached the same conclusion as did this court as the following excerpt shows:

"It is asserted that the trial court erred in denying the motion of the plaintiffs to dismiss the action. Our statute G.S. 1935, 60-3105, provides:

" 'An action may be dismissed without prejudice to a future action: First. By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court.'

"Under the statute the right of a plaintiff to dismiss his action without prejudice, at any time before the final submission of it, is absolute, and a denial of his application to so dismiss is prejudicial error. New Hampshire Banking Co. v. Ball, 57 Kan. 812, 48 P. 137; Amos v. Loan Association, 21 Kan. 474, Wehe v. Mood, 68 Kan. 373, 75 P. 476; Cott v. Baker, 112 Kan. 115, 210 P. 651.

"In New Hampshire Banking Co. v. Ball, supra, the court said:

" 'The plaintiff is entitled to control the disposition of its action, where the application is seasonably made, and until the final submission of the cause. It was a common-law right, and in this state the statute expressly provides that the plaintiff may dismiss without prejudice to a future action before the final submission of the case to the jury, or to the court, where the trial is by the court.'

"Under the rule announced in the foregoing authorities, long adhered to by this court, we think the motion to dismiss filed on January 13, 1936, should have been sustained."

A quite recent case decided by the Supreme Court of Oklahoma presents a pertinent discussion of this matterof dismissal or withdrawal of his action by the plaintiff under statutory language rather akin to our Sections 3-3505 and 3-3506, supra, in Allied Paint Mfg. Co. vs. Banes et al, Okla., 253 P. (2d) 826, 827, 828, 829,

(decided February 17, 1953.) In a syllabus prepared by the court it was held:

"Syllabus 2. "It is error for the trial court to overrule a motion of the plaintiff to dismiss the case and render judgment on the pleadings quieting title in the defendants in the absence of a cross-petition or counter-claim being plead in the answer of the defendants."

After quoting the state's statutes to the following effect (12 O.S. 1951, §§ 683, 684 and 685):

" 'An action may be dismissed, without prejudice to a future action * * * by the plaintiff, before the final submission * * * to the jury or to the court, where the trial is by the court.'

" '* * * A plaintiff may, at any time before the trial is commenced, on payment of the costs and without any order of court, dismiss his action after the filing of a petition in intervention or answer praying for affirmative relief, but such dismissal shall not prejudice the right of the intervenor or defendant to proceed with the action. * * * '

" 'In any place where a set-off or counter-claim has been presented, the defendant shall have the right of proceeding to the trial of his claim, although the plaintiff may have dismissed his action or failed to appear.' " the court said, quoting from Haley vs. Brown, Tex. Civ. App. 70 S.W. (2d) 348, 349:

" 'The right of a plaintiff to take a nonsuit (dismiss without prejudice) upon his own cause of action was considered of sufficient importance by the legislature to be given express recognition.

" 'Owing to unexpected contingencies that may occur during a trial, it is a privilege which it may become necessary for the most careful and diligent litigant to exercise, and it is important that the substance, and not the shadow alone, of the right shall be preserved. * * *

" 'It is only when the defendant by a counter-claim seeks some "affirmative relief," that the right of the plaintiff to discontinue the entire cause is forbidden. Obviously the defendant only seeks such affirmative re-

lief when, by his own pleadings, he prays for some specific recovery that cannot be given to him under pleadings that are strictly defensive, and that serve only to compel the plaintiff to prove his own cause of action. The defendant must not only pray for affirmative relief, but, he must state facts showing that he has a cause of action. If the defendant is doing no more than resisting the plaintiff's recovery, the statutes recognize the right of the plaintiff for his own protection, to dismiss the suit.' "

In our subsequent case of Healy vs. Wostenberg, 47 Wyo. 375, 38 P. (2d) 325, it appeared that when plaintiff filed a dismissal of his case the "defendant therein had pleaded such facts as fairly required the court to consider that she was demanding affirmative relief" and it was held under such circumstances that "plaintiff could not dismiss his action" and that it was "still pending for disposition on the merits."

We have no such situation prevailing in the case at bar. The defendant, Weliever, suggests that because the court dismissed the writ of attachment he had a right to attorney's fees. That may well be. Our attention in that connection is directed to the case of Allith-Prouty Co. vs. Wallace, 32 Wyo. 392, 233 P. 144. But apparently the matter of attorney's fees was not submitted to the trial court in the case at bar for nothing is said in the order aforesaid discharging the attachment concerning such fees. Indeed, there is nothing in the record before us that even hints that Weliever was asking or would ask for attorney's fees. The defendant was not bound to assert such a claim. He might, for reasons of his own, have decided not to insist on them, but to waive such a claim. The dismissal asked and obtained by the plaintiff in no wise interfered with that claim if defendant decided later on to urge it both as to right thereto and amount hereof.

The point which cannot be overlooked, recalling our

statutory law above quoted, is that when plaintiff filed his request for a dismissal of his action the defendant, Weliever, had filed no answer, no counter-claim nor set-off. It follows that plaintiff's request to withdraw his action was effective. The clerk accordingly entered the order of dismissal on the journal and under the circumstances as we see them the district court of Fremont County was quite right when it denied the motion of defendant, Weliever, to reinstate the plaintiff's cause on the district court docket. It would seem that defendant Weliever's claim for attorney's fees was merely an afterthought.

Under the statutes of this state and the authorities as we find them, recalling the long practice prevailing in this and other states having similar or practically similar laws, we are constrained to affirm the order from which this appeal is prosecuted.

*Affirmed.*

BLUME, C. J., and HARNSBERGER, J., concur.