STATE of Wyoming upon the relation of PA-CIFIC INTERMOUNTAIN EXPRESS, INC., a corporation, Plaintiff,

v.

The DISTRICT COURT OF the SECOND JUDICIAL DISTRICT, SWEETWATER COUNTY, Wyoming, and the Honorable G. G. Stanton, the Judge thereof, Defendants.

STATE of Wyoming upon the relation of ZA-NETTI BUS LINES, INC., a corporation, Plaintiff,

v.

The DISTRICT COURT OF the SECOND JUDICIAL DISTRICT, SWEETWATER COUNTY, Wyoming, and the Honorable Glen G. Stanton, the Judge thereof, Defendants.

Nos. 3232, 3237.

Supreme Court of Wyoming.

Dec. 18, 1963.

Murane, Bostwick, McDaniel & Scott, Casper, for plaintiff Pacific Intermountain Express, Inc.

Swainson & Swainson, Cheyenne, January, Gilchrist & Blunk, Denver, Colo., for plaintiff Zanetti Bus Lines, Inc.

Galicich & Hamm, Rock Springs, for defendants.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

As a result of a collision between an automobile, driven by Joseph Weimer; a bus, owned by Zanetti Bus Lines, Inc.; and a truck, owned by Pacific Intermountain Express, Inc.; thirty-three persons alleging injuries filed separate suits in the Sweetwater County District Court, listing as defendants the two mentioned corporations and Nellie Horton, Administratrix of the Estate of Joseph Weimer, deceased, who was killed in the accident. The court under the provisions of Rule 42(a), W.R.C.P., on a motion of P.I.E. ordered the consolidation of the thirty-three cases as to the issue of liability, providing that the issue of damages should be heard individually in each case. At the trial, considerable difficulty was encountered in securing a jury, some 275 talesmen being examined. After several weeks of evidence on the liability issue, the jury brought in verdicts, one for P.I.E., one against Zanetti, and one against the Estate of Joseph Weimer. Thereafter, in accordance with previous agreement with counsel, the court proceeded to try successively the issue of damages in each case before the same jury which had tried liability. Some of these trials have been concluded, notably one in which Roy G. Logan was plaintiff, and others are continuing. Meanwhile, P.I.E. prepared a judgment in its favor in each of the thirty-three cases and submitted it to the trial court. Zanetti prepared and submitted a judgment in each of the cases in favor of plaintiff and against the two remaining defendants, Zanetti and Weimer, as to liability without listing damages, and later prepared a judgment in the case wherein Roy G. Logan was plaintiff in favor of plaintiff and against defendants Zanetti and Weimer in the sum of $22,875.00. When the trial court refused to sign or enter any of these judgments, P.I.E. filed a petition for writ of mandamus (Case 3232) and Zanetti a similar one (Case 3237), seeking to require the trial court to sign and enter the judgments as requested. In the petitions various reasons were listed why mandamus should issue, the most persuasive being the need for some effect to be given to the verdicts and the possibility that a subsequent disability of the presiding judge before the entry of final judgments could, under the provisions of Rule 63, W.R.C.P., result in the granting of a new trial by his successor and the consequent nullification of the jury's verdicts. Defendants counter with numerous reasons why mandamus should not issue; the most significant seem to be that the issuance of judgments in such situations is a matter solely within the discretion of the trial judge under Rule 54(b), W.R.C.P., and that the granting of the

request of the plaintiffs here would result in piecemeal appeals.

■ It has long been recognized that notwithstanding the fact that the nature of the judgment may be a matter of judicial discretion, the rendition and entry thereof may be compelled by a writ of mandamus under proper circumstances. 1 Freeman, Judgments, p. 93 (5 ed.) ; State ex rel. Tibbals v. District Court of Ninth Judicial District in and for Fremont County, 42 Wyo. 214, 292 P. 897, 900, 71 A.L.R. 993.

■ Rule 42, W.R.C.P., providing for the consolidation of actions and for the ordering of separate trials on any claim or issue, was intended to further the general objectives of the rules and to assist in the just, speedy, and inexpensive determination of litigation. Accordingly, any interpretation of that rule cannot ignore the right to appeal, the procedures necessary therefor, or the practical aspects of the final step in the administration of justice. It would be most illogical if the benefits of the permitted consolidation or separation in the trial court should be nullified prior to the final disposition of the litigation in the appellate court.

■ It is generally recognized that the provisions of Rule 54, W.R.C.P., are of importance in an interpretation of Rule 42. 2B Barron and Holtzoff, Federal Practice and Procedure, p. 186 (1961). Although the word "consolidation" is used in different senses, 2B Barron and Holtzoff, Federal Practice and Procedure, p. 172 (1961), 1 C.J.S. Actions § 107, the type apparently employed here does not merge the suits into a single action so far as ultimate relief is concerned, but it must for the purposes of effective administration of justice consolidate them to such an extent that they may be handled as one upon the appeal where such effect has been given in the trial court. To that extent, cases such as the ones before us are within the purview of Rule 54(b), which permits the entry of a final and appealable judgment upon the express determination by the trial court that there is no just reason for delay.

If this were not so, an appellate court might be called upon to review piecemeal numerous cases which were in the principal aspects identical and during such period the various parties interested in the litigation would be subject to much confusion in attempting to comply with the requisite steps in appeal. It is, of course, conceivable that there would be exceptional circumstances which might influence the trial court to certify that there was no cause for delay in entering the final judgment and thus permit an appeal, but the propriety of such an arrangement can best be determined by the court which tried the case.

Counsel for plaintiff Zanetti cite Collins v. Metro-Goldwyn Pictures Corporation, 2 Cir., 106 F.2d 83, 85, for the principle that an appeal will lie from a judgment finally disposing of a single cause of action although other causes of action joined with it have not then been adjudicated. That case, decided under the 1939 version of the Federal rules, ceased to be applicable with the amendment of 1948 (embodied in our rule), which as we understand it was adopted largely for the purpose of avoiding confusion and placing the finality and appealability of judgments in such cases under the control of the trial court.

■ Counsel for plaintiff P.I.E. urge that Rule 54(b) is inapplicable because there were no multiple claims since there was only one claim in each of the various suits. Literally speaking, they may be correct, but from a practical standpoint the consolidation of the various actions for trial even though it be on a single issue results in a number of claims which are considered for that purpose as one. We think, therefore, that Rule 54(b) is applicable in such situations although the matter is not spelled out in detail. Counsel also contend that there are no multiple parties since there is only one plaintiff in each case and the three defendants are separate, distinct, not joined, not claimed to be joint tort-feasors, and no one of them a necessary party to the litigation. The reasons thus advanced are unsupported by authority and do not bear

analysis. We find nothing in the rule which justifies that position. It follows that the mentioned rule controls in this situation because in each action there are multiple defendants and by virtue of the consolidation there are multiple claims and parties.

 If the consolidation of the present cases was proper, as we consider it to have been, we conceive of no reason why the policy should be changed at this time. Admittedly, there may be certain individual advantages to the separate determination of matters but these do not outweigh the step that was purportedly taken for the best administration of justice in consolidating the litigation. The plaintiffs, therefore, are not entitled to a mandate requiring the trial judge to issue a final judgment. However, each of the parties at such time as the jury has disposed of his case is entitled to have the court enter an interlocutory decision giving effect to the verdict of the jury. In this connection, it may be apropos to advert to the contention of P.I.E. that under Rule 63 a successor judge could grant a new trial without real basis. Such possibility is foreclosed by the entering of an interlocutory decision formalizing the provisions of the verdict.

The petition for writ of mandamus by each of the plaintiffs is denied, but upon request the trial court will enter an interlocutory decision in accordance with the views herein expressed.

Writs denied.